Dear Mr. Jay:
You have submitted for our review proposed new board rules governing the licensure of manicurists and cosmetology teachers. These proposed guidelines are restated herein as per your correspondence:
 MANICURIST 1. Provide the board with an affidavit of hours earned out-of-state.
 2. If the number of hours is comparable to the 500 hours required by Louisiana, the applicant can be given the Louisiana Written Exam on the rules and regulations governing the cosmetology industry in Louisiana, practical exam and National Theory exam. If the applicant has taken the National Theory exam as approved by National Interstate Council of Cosmetology Boards, in another state and can provide proof they passed, then the board will accept the exam score.
 3. If the number of hours is less than the statutory required 500 hours, the applicant can earn the additional hours by attending school anywhere or transfer the hours to a Louisiana School and complete the hours in Louisiana. The applicant can be given the Louisiana Written Exam on the rules and regulations governing the cosmetology industry in Louisiana, practical exam and National Theory exam. If the applicant has taken the National Theory exam as approved by National Interstate Council of Cosmetology Boards, in another state and can provide proof they passed, then the board will accept the exam score.
 4. After passing the exams, a Louisiana manicuring license will be issued.
 TEACHER 1. Provide the board with an affidavit of hours earned out-of-state.
 2. If the number of hours is comparable to the 500 hours required by Louisiana, the applicant can be given the Louisiana Written Exam on the rules and regulations governing the cosmetology industry in Louisiana, a practical exam and the National Theory exam. If the applicant has taken the National Theory exam as approved by National Interstate Council of Cosmetology Boards, in another state and can provide proof they passed, then the board will accept the National Exam score.
 3. If the number of hours is less than the statutory required 500 hours, the applicant can earn the additional hours by attending school anywhere or transfer the hours to a Louisiana School and complete the hours in Louisiana. The applicant can be given the Louisiana Written Exam on the rules and regulations governing the cosmetology industry in Louisiana, practical exam and National Theory exam. If the applicant has taken the National Theory exam as approved by National Interstate Council of Cosmetology Boards, in another state and can provide proof they passed, then the board will accept the exam score.
 4. After passing the exams, a Louisiana teacher (instructor) license will be issued.
As we stated in Attorney General Opinion 00-121, the Board is without authority to promulgate a rule which allows any applicant to circumvent the mandatory licensure requirements of the law. Those requirements are set forth in R.S. 37:507 and R.S. 37:506, governing manicurists and teachers, respectively, as follows:
 § 507. Qualification for certificate as registered manicurist.
 Any person is qualified to receive a certificate of registration as a registered manicurist who:
 1. Is at least sixteen years of age;
 2. Is of good moral character and temperate habits;
 3. Has taken a course at a school of cosmetic therapy as prescribed by the board, which course shall extend over a period of not less than three consecutive months and shall include not less than five hundred hours of study;
 4. Has successfully passed an examination, which shall be prescribed by the board. (Emphasis added).
 All privileges of this certificate are included in the cosmetologist's certificate of registration.
 * * * * *
 § 506. License as teacher
 A. No person shall teach cosmetology, esthetics, or allied courses without a certificate. Any operator is eligible for licensing as a teacher who possesses the following qualifications:
 (1) Is a graduate of an approved senior high school.
 (2) Has completed the curriculum for the teacher's training course under the supervision of a licensed teacher of beauty culture for a minimum study of five hundred hours in not less than three months.
 (3) Has passed such examination, as the board shall prescribe for certifications as a teacher.
 B. The board may license a person as an instructor in esthetics who has practiced esthetics for at least five years or has taught esthetics for at least eighteen months on the effective date of this Section, and who can present proof of training, experience, or both, to the board for review to determine whether or not the applicant must be examined by the board, if said applicant fulfills the requirements of Paragraphs (1) and (2) of Subsection A of Section 502.1 and is a graduate of an approved senior high school. (Emphasis added).
Turning first to the proposed rules governing manicurists, we find the third guideline to be in conflict with that portion of R.S.37:507(3) which requires the applicant to have taken "a course at a school of cosmetic therapy as prescribed by the board, which course shall extend over a period of not less than three consecutive months, and shall include not less than five hundred hours of study." The board rule acknowledges a scenario where an applicant has "less than the statutory [sic] required 500 hours", but fails to acknowledge the statutory requirement that the coursework of 500 hours shall be completed within a three month time period. According to our legal rules of statutory construction, use of the word "shall" is mandatory.[1] Thus, the legislature has imposed a stringent two-fold requirement that the applicant have attended a school (1) for a period of not less than three consecutive months, which course shall include (2) not less than five hundred hours. We acknowledge that the Board has the discretion to find the school to be accredited, (hence the language in R.S. 37:507(3) "school of cosmetic therapy as prescribed by the board"); further, the Board, as the administrative agency compelled to discharge the licensure law here under review, is accorded our deference with respect to how an applicant might combine his 500 hours earned at such institution(s) considered accredited by the Board.
These determinations regarding particular applicants currently under consideration by the Board are squarely within the authority of the Board and will not be addressed by this office. It is solely our intention to review proposed Board rules for conflicts with statutory requirements. As the Board is aware, legislative action is the appropriate remedy to accomplish the goals of the Board regarding future changes in the licensure law.
Similarly, the legislature has mandated in R.S. 37:506 that an applicant for the teacher's license be trained (a) by a licensed teacher of beauty culture (b) for a minimum of five hundred hours (c) in not less than three months. Here again, the Board rule does not acknowledge that the 500 hours of study, wherever earned, must be accomplished within a three-month time period, hence the phrase "not less than three months" as reflected in the statute.[2] Other than the foregoing stated concerns, we find no conflict between the proposed Board rules and the current statutes.
As an aside, there has been some confusion over whether the Board might not in essence be issuing "reciprocal" licenses to those applicants who have attended school out-of-state, which we said cannot be done in Attorney General Opinion 00-121. In general, reciprocal licensure in occupations and professions contemplates that one who is already licensed under the terms and conditions of a particular occupation in one state may immediately be considered for licensure in another state upon the payment of a fee or upon the successful completion of an examination, without further schoolwork.
Here, with regard to manicurists and teachers, the legislature has yet to enact such reciprocal arrangements. This fact does not invalidate the coursework accomplished by an applicant simply because the school attended by the applicant was out-of-state; and in contrast, neither is the Board compelled to immediately accept 500 hours of coursework completed at a school out-of-state. Thus, under current law, the Board retains the discretion to find an applicant's coursework lacking for failing to meet the requirements of Louisiana law as provided in R.S. 37:506 and R.S.37:507, if the Board considers the school to be unacceptable.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 1:3 provides:
§ 3. Words and phrases; how construed
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning. The word "shall" is mandatory and the word "may" is permissive.
[2] We acknowledge the exception made for an instructor in esthetics provided for in R.S. 37:506(B).